**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH COMPRELLI, et al., | |
| Plaintiffs, | Civ. No. 10-3013 (DRD) |
| v. | **O P I N I O N** |
| TOWN OF HARRISON, et al., | |
| Defendants. | |

*Appearances by:*

HERRICK, FEINSTEIN LLP
by: Paul H. Schafhauser, Esq.
One Gateway Center, 22nd Floor
Newark, New Jersey 07102

    *Attorney for Plaintiffs*


CASTANO QUIGLEY
by: Laura J. Wadleigh, Esq.
1120 Bloomfield Avenue
West Caldwell, New Jersey 07007

    *Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

Plaintiffs, owners of commercial parking lots in the Town of Harrison, New Jersey, instituted this action and a contemporaneous state court proceeding against the Town of Harrison challenging the Town's effort to redevelop an area which includes Plaintiffs' property. Plaintiffs' allege that the Town's redevelopment effort and recent denial of a license to operate Plaintiffs' parking lot at full capacity violate their constitutional rights of due process and equal protection, as well as their right to just compensation under the Fifth and Fourteenth Amendments.  They also assert antitrust claims under the Sherman Act and the New Jersey Antitrust Act, and claims for tortious interference.  Presently before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' motion will be granted and Plaintiffs' complaint will be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND[1]

Plaintiff Joseph Comprelli, by and through his company, Plaintiff M&J Comprelli Realty, LLC (collectively, "Comprelli"), owns and operates a commercial surface parking lot (the "Parking Lot") located at 1000 Frank E. Rodgers Boulevard South in the Town of Harrison (the "Property").[2]  He has operated the Parking Lot at this location since 1988.  It was in 1988 that Comprelli applied to the Harrison Planning Board for site plan approval to use the lot for commercial parking purposes.  The Planning Board, at that time, granted site plan approval and

---

[1] The facts giving rise to this claim were accurately and succinctly described in a New Jersey Superior Court opinion by the Honorable Hector R. Velazquez, J.S.C., dated October 19, 2010.  For the sake of completeness and consistency, much of Judge Velazquez's factual account is repeated here, sometimes verbatim.

[2] Plaintiffs Joseph Supor III, J. Supor & Son Trucking & Rigging Co., Inc. and S&B Realty Co. (the "Other Plaintiffs") presumably own parking lots in Harrison as well, but their lots are not individually identified, and virtually all of the facts in Plaintiffs' Complaint relate only to Comprelli and his Property.  Thus, it will be assumed that the Other Plaintiffs' claims are subsumed by Comprelli's claims.

issued a license for Comprelli to operate a lot consisting of 145 to 198 parking spaces through the year 2005.

In November of 1998 the Town Council adopted a redevelopment plan (the "Redevelopment Plan") that encompassed the Property.  The Redevelopment Plan changed the zoning for the Property such that surface parking lots were no longer a permitted use.  In 2003 the Town adopted an ordinance amending the Redevelopment Plan.  The amended Redevelopment Plan allowed for certain interim uses, including surface parking lots, subject to Planning Board approval.  Prior to filing this complaint, Comprelli never challenged the redevelopment designation or the Redevelopment Plan.

In 2006 and 2007 Comprelli was issued renewal licenses to operate 198 parking spaces.  In 2008 Comprelli was granted a license for 450 spaces.  In May of 2008, a second license was issued authorizing 1,050 spaces.  In 2009 Comprelli was once again granted a license for 1,050 spaces.  However, when Comprelli filed for renewal of his license in 2010, the Town Clerk noticed that Comprelli had not filed the required plat showing the requested 1,050 spaces and that the last plat on file for the Property only showed 198 spaces.  Thus, the Clerk issued a license for only 198 spaces and advised Comprelli that any increase in spaces would require Planning Board approval.  Comprelli has not made the necessary application to the Planning Board but continues to operate 1,050 spaces on the Property.

On June 14, 2010 Comprelli filed two complaints – one in this court and one in the Superior Court of New Jersey, Hudson County.  The factual allegations in the two complaints are nearly identical and both complaints allege constitutional violations of due process, equal protection, and the right to just compensation.  In addition to those claims, the complaint in this court (the "Complaint") alleges four counts that are not alleged in the state action.  They are:

Count 4, violation of the Sherman Act, 15 U.S.C. § 1, et seq.; Count 5, violation of the New Jersey Antitrust Act, N.J.S.A. 56:9-1, et seq.; Count 6 tortious interference with a contract; and Count 7, tortious interference with prospective economic advantage. On October 19, 2010 the Honorable Hector R. Velazquez, J.S.C. found Comprelli's claims in the state action to be without merit and he dismissed Comprelli's complaint with prejudice.

## II. DISCUSSION

A. **Standard of Review**: In assessing the parties' arguments, the Court must apply the standard of review applicable to requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). That rule permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its

face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

    **B. Res Judicata:** Because the present action is preceded by a state court judgment arising from the same set of events, the first question is whether the Complaint is precluded by the state court judgment. Untracht v. West Jersey Health System, 803 F. Supp. 978, 981 (D.N.J. 1992). "With regard to issues first presented to a state tribunal, the federal courts have consistently accorded preclusive effect to issues decided by state courts and, thus, 'res judicata . . . not only reduce[s] unnecessary litigation and foster[s] reliance on adjudication, but also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system.'" Nistad v. Wealth and Tax Advisory Services, Inc., No. 09-1452, 2010 U.S.

Dist. WL 4226527, at *2 (D.N.J. 2010) (quoting <u>Allen v. McMurry</u>, 449 U.S. 90, 95-96 (providing that the rulings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of the state . . . from which they are taken").

In determining the preclusive effect of a state court judgment, a District Court must apply the rendering state's laws of preclusion. <u>See</u> <u>Nistad</u> at 2. Under New Jersey law, "[r]es judicata, or claim preclusion, will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with eachother; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one." <u>Kushner v. HSBC Bank, USA</u>, No. 10-5490, 2010 U.S. Dist. WL 4269414, at *2 (D.N.J. Oct. 25, 2010). Thus, under res judicata, a judgment is given the preclusive effect by foreclosing litigation of matters that were raised or should have been raised in an earlier suit. <u>Id.</u> In other words, "claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." <u>Untracht</u> at 982.

In the present case, res judicata bars all of the claims raised in the Complaint except, as explained below, Comprelli's Sherman Act claim. With respect to all of his other claims, the state judgment was final and on the merits; the parties in both the state and federal actions are identical; and the claims arise from the same transaction or occurrence. Although Comprelli's claim under the New Jersey Antitrust Act and his claims for tortious interference were not raised in the state action, they could have been raised and are therefore barred from being asserted here.

**C. Comprelli's Sherman Act Claim:** All that remains of the Complaint is Comprelli's Sherman Act claim. This claim is not precluded because the state court lacks jurisdiction to hear such a claim. New Jersey claim preclusion does not apply to claims over which the initial New

Jersey court lacked jurisdiction, i.e., to claims which could not have been brought in New Jersey state court. Nanvati v. Burdette Tomlin Memorial Hosp., 857 F.2d 96, 115 (3d Cir. 1988). The Sherman Act provides for jurisdiction exclusively within the federal courts. 15 U.S.C. § 4. Thus, the Sherman Act claim could not have been considered by the state court and is therefore not barred by res judicata. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985).

However, Comprelli's Sherman Act claim is barred by the Parker doctrine, which shields local governments from antitrust liability when their actions are authorized by state statute. The "state-action" doctrine, as it is also known, was first established by the Supreme Court in Parker v. Brown, 317 U.S. 341 (1943). It "is a recognition that Congress did not intend federal antitrust laws to restrain state action. The doctrine is 'grounded in the principles of federalism and respect for state sovereignty . . . .'" Capital City Cab Service, Inc. v. Susquehanna Area Regional Airport Authority, 470 F. Supp. 2d 462 (M.D. Penn. 2006) (quoting Mariana v. Fisher, 338 F.3d 189, 201 (3d Cir. 2003)) (internal citations omitted). In Bedell Wholesale Co. v. Philip Morris Inc., 263 F.3d 239, 255 (3d Cir. 2001), the Third Circuit explained that "[w]hen a state clearly acts in its sovereign capacity it avoids the constraints of the Sherman Act and may act anti-competitively to further policy goals."

The state-action doctrine extends to local government entities and makes them exempt from antitrust liability when the state authorizes their action. Capital City at 468. However, it is not necessary for the state legislature to have explicitly stated that it expected local entities to engage in anti-competitive behavior. Id. Rather, local governments' actions are protected as long as the "suppression of competition is the 'foreseeable result' of what the statute authorizes . . . ." City of Columbia v. Omni Outdoor Advertising, 499 U.S. 365, 373 (1991).

7

District Courts in this Circuit have found that the state-action doctrine exempts local governments from engaging in anti-competitive behavior in accordance with a redevelopment plan adopted under the states' redevelopment law.  In <u>Harristown Development Corporation v. City of Harrisburg</u>, 655 F. Supp. 430, 433 (M.D. Penn. 1987) the court held that "since the challenged actions were undertaken pursuant to the Urban Redevelopment Law, and hence pursuant to a clearly expressed state policy, the [Defendants] are immune from antitrust liability."  In reaching that conclusion, the court stated that the legislature "empowered municipalities to adopt plans for the redevelopment of decaying areas.  It must have been contemplated that, in pursuing a plan, a municipality would on occasion act to prevent private development to maintain what it perceived to be the integrity of the plan."  <u>Id.</u> at 435.

The same is true in the present case.  Defendants were acting in accordance with a redevelopment plan that was adopted pursuant to New Jersey's Local Redevelopment and Housing Law <u>N.J.S.A.</u> 40A:12A-1, <u>et seq.</u> ("LRHL").  That statute, like Pennsylvania's Urban Redevelopment Law, authorizes municipalities to adopt plans for the redevelopment of decaying areas.  <u>N.J.S.A.</u> 40A:12A-4(a)(3).  In adopting the LRHL, the New Jersey legislature certainly contemplated that municipalities would, on occasion, restrict private enterprise in order to preserve the integrity of the plan.  <u>See</u> <u>N.J.S.A.</u> 40A:12A-2.  Thus, even if Comprelli's assertions are true, they cannot support a Sherman Act claim against the Defendants in this case.

## III.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted and the Complaint will be dismissed with prejudice.

The Court will enter an Order implementing this Opinion.

s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  November 16, 2010