**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH COMPRELLI, et al.,

    Plaintiffs,

v.

TOWN OF HARRISON, et al.,

    Defendants.

Civ. No. 10-3013 (DRD)

**O P I N I O N**

*Appearances by:*

HERRICK, FEINSTEIN LLP
by: Paul H. Schafhauser, Esq.
One Gateway Center, 22nd Floor
Newark, New Jersey 07102

 *Attorney for Plaintiffs*

CASTANO QUIGLEY
by: Laura J. Wadleigh, Esq.
1120 Bloomfield Avenue
West Caldwell, New Jersey 07007

 *Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a motion for reconsideration submitted by Plaintiffs Joseph Comprelli, M&J Comprelli Realty, LLC, Joseph Supor III, J. Supor & Son Trucking & Rigging Co., Inc. and S&B Realty (collectively "Plaintiffs"). Plaintiffs seek to reverse this Court's November 16, 2010 Order dismissing their action against the Town of Harrison as barred by res judicata and the Parker Doctrine.

Plaintiffs argue that (1) the October 19, 2010 state court decision dismissing their claims with prejudice was made in error; (2) their claims should not have been dismissed by the state court, and in any event should not have been dismissed with prejudice; and (3) the state court has since reconsidered its decision and instead dismissed three of the counts without prejudice. Plaintiffs further argue that the Parker doctrine does not apply because Defendants were not acting pursuant to state authority.

Having examined these arguments, Plaintiffs' motion is DENIED.

### I. BACKGROUND

The facts giving rise to this claim are summarized in this Court's November 16, 2010 Opinion and described in detail in a New Jersey Superior Court opinion by the Honorable Hector R. Velazquez, J.S.C., dated October 19, 2010. The relevant facts are as follows. Plaintiffs own and operate commercial surface parking lots in Harrison, New Jersey (the "Property").[1] In November of 1998 the Town Council adopted a redevelopment plan (the "Redevelopment Plan") that encompassed Plaintiffs' parking lots. The Redevelopment Plan changed the zoning for the

---

[1] As noted in this Court's November 16, 2010 Opinion, Plaintiffs' Complaint does not clearly differentiate between the holdings and actions of the Plaintiffs. Virtually all of the facts in Plaintiffs' Complaint would seem to relate only to Comprelli and his property. The Court presumes that Plaintiffs Joseph Supor III, J. Supor & Son Trucking & Rigging Co., Inc. and S&B Realty Co. (the "Other Plaintiffs") own parking lots in Harrison as well, but as their lots are not individually identified, it will be assumed that the Other Plaintiffs' claims are subsumed by Comprelli's claims.

Plaintiffs' Property such that surface parking lots were no longer a permitted use. In 2003 the Town adopted an ordinance amending the Redevelopment Plan. The amended Redevelopment Plan allowed for certain interim uses, including surface parking lots, subject to Planning Board approval.

From 1998 through 2005, Comprelli operated his parking lots pursuant to licenses obtained after site approval from the Harrison Planning Board. The licenses permitted Comprelli to operate between 145 and 198 spaces. Comprelli was granted renewal licenses in 2006 and 2007 to continue operating the 198 parking spaces. Then, in 2008, Comprelli obtained licenses to operate up to 1,050 parking spaces on his lot, licenses that were then renewed in 2009. However, when Comprelli filed for a third renewal of his licenses in 2010, the Town Clerk noticed that Comprelli had not filed the required plat showing the requested 1,050 spaces and that the last plat on file for the Property only showed the original 198 spaces. Thus, the Clerk issued a license for only 198 spaces and advised Plaintiffs that any increase in spaces would require Planning Board approval. Plaintiffs have not made the necessary application to the Planning Board but continue to operate 1,050 spaces on the Property.

On June 14, 2010 Plaintiffs filed two complaints – one in this court and one in the Superior Court of New Jersey, Hudson County. The factual allegations in the two complaints are nearly identical and both complaints allege constitutional violations of due process, equal protection, and the right to just compensation. In addition to those claims, the complaint in this Court (the "Complaint") alleges four counts that are not alleged in the state action. They are: Count Four, violation of the Sherman Act, 15 U.S.C. § 1, et seq.; Count Five, violation of the New Jersey Antitrust Act, N.J.S.A. 56:9-1, et seq.; Count Six tortious interference with a contract; and Count Seven, tortious interference with prospective economic advantage. On

October 19, 2010 the Honorable Hector R. Velazquez, J.S.C. found Plaintiffs' claims in the state action to be without merit and he dismissed Plaintiffs' complaint with prejudice.

Consequently, on November 16, 2010, this Court dismissed all of Plaintiffs' claims except for the Sherman Act claims as barred by the prior determination of the state court under the doctrine of res judicata. This Court dismissed Plaintiffs' Sherman Act claims as barred under the Parker doctrine. Plaintiffs moved for reconsideration of this decision, arguing that the state court erred in dismissing their case with prejudice and did not in fact render a judgment on the merits for res judicata purposes. Plaintiffs also argued that because Defendants acted illegally and for reasons other than the redevelopment of the town, they are not protected by the Parker Doctrine.

On January 7, 2011, Judge Velazquez modified his original order to dismiss three of Plaintiffs' state law counts without prejudice. The three counts were Count One (Inverse Condemnation), Count Two (Failure to Issue Required Parking License for 1,050 Spaces), and Count Three (Improper Revocation of Parking License). In their reply brief, Plaintiffs argue that this Court should vacate its order dismissing their complaint, as the state court determination no longer has preclusive effect.

While some of Plaintiffs' arguments have merit, they do not alter the result. Since the state court did not render a final decision on the merits for all of Plaintiffs' causes of action, this Court will not dismiss Plaintiffs' state law counts on the basis of res judicata. This Court will instead decline to exercise supplemental jurisdiction over these claims, as all federal causes of action are barred by either res judicata or the Parker Doctrine.

## II. DISCUSSION

"[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992). As such, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Since the evidence relied upon in seeking reconsideration must be "newly discovered," a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling. See Id. Local Civil Rule 7.1(i), which governs such motions, provides that they shall be confined to "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has 'overlooked.'" The word "overlooked" is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." Resorts Int'l, 830 F. Supp. at 831; see also Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159 (D.N.J. 1988); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

### A. Res Judicata

In challenging this Court's November 16, 2010 decision, Plaintiffs do not dispute that a dismissal "with prejudice" bars further action. Lawlor v. National Screen Service Corp., 349

U.S. 322, 327 (1955) ("It is of course true that the 1943 judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action."); Citizens Voices Ass'n v. Collings Lakes Civic Ass'n, 396 N.J.Super. 432, 444 (App. Div. 2007)[2] ("A judgment entered 'with prejudice' is the equivalent of a judgment entered on the merits and is considered a final judgment."). Nor do they dispute that this Court must accord preclusive effect to the prior decisions of state courts. Nistad v. Wealth and Tax Advisory Services, Inc., Civil No. 09-1452 (NLH)(AMD), 2010 WL 4226527, *2 (D.N.J. Oct. 21, 2010) ("With regard to issues first presented to a state tribunal, the federal courts have consistently accorded preclusive effect to issues decided by state courts").

With respect to the counts dismissed with prejudice, Plaintiffs argue that the state court decision, which dismissed claims for failure to exhaust administrative remedies, was erroneous as a matter of law, and that a failure to exhaust administrative remedies cannot be the basis for a dismissal with prejudice. This argument is of no moment.

It is black letter law that the preclusive effect of a final judgment cannot be challenged on the basis of "errors" in its legal conclusion. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("an 'erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of *res judicata*.... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral

---

[2] In determining the preclusive effect of a state court judgment, a District Court must apply the rendering state's laws of preclusion. See Nistad v. Wealth and Tax Advisory Services, Inc., Civil No. 09-1452 (NLH)(AMD), 2010 WL 4226527, *2 (D.N.J. Oct. 21, 2010). Under New Jersey law, "[r]es judicata, or claim preclusion, will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with eachother; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one." Kushner v. HSBC Bank, USA, No. 10-5490, 2010 U.S. Dist. WL 4269414, at *2 (D.N.J. Oct. 25, 2010). Thus, under res judicata, a judgment is given the preclusive effect by foreclosing litigation of matters that were raised or should have been raised in an earlier suit. Id.

6

attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action."). Indeed, to hold otherwise "would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." Id. at 398-399.

Nor does it matter that Plaintiffs will appeal the state court decision. Commissioner New Jersey Dept. of Banking and Ins. v. Budge, No. E04-131, 2009 WL 2245764, 7 (App. Div. July 29, 2009 ("[A] judgment is 'final' even if pending on appeal.") citing Gregory Mktg. Corp. v. Wakefern Food Corp., 207 N.J. Super. 607, 621 (Law Div. 1985); see also U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009) ("the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment."); Ross ex rel. Ross v. Board of Educ. of Tp. High School Dist., 486 F.3d 279, 284 (7th Cir. 2007) ("the fact that an appeal was lodged does not defeat the finality of the judgment.").

There is no dispute that Judge Velazquez's October 19, 2010 Order dismissed all counts of Plaintiffs' state complaint with prejudice. In a hearing on January 7, 2011, the Judge upheld this dismissal with prejudice for "any count challenging the redevelopment plan", "any equitable estoppels", "[a]ny constitutional claims in any count", and "any requests for injunctive relief…" See Pl. Br. Ex. A, Pl. Reply Ex A at 32:13-22. If Plaintiffs wish to challenge that court's ruling, they may do so before a New Jersey tribunal. They have no grounds to do so here. As such, Plaintiff's Equal Protection (Count One), Due Process (Count Two), Taking (Count Three), and 1983 (Count Eight) claims are dismissed as barred.

With the exception of the Sherman Act claims (Count Four), the remaining counts in Plaintiffs' complaint arise under New Jersey law. This Court originally exercised supplemental

7

jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). As this Court will dismiss the Sherman Act count, no federal claims remain. Because Plaintiffs have an entirely adequate venue in which to pursue these claims in state court, this Court declines to exercise supplemental jurisdiction over the remaining counts. 28 U.S.C. § 1367(c)(3); Oras v. City of Jersey City, 328 F. App'x 772, 775 (3d Cir.2009) ("[a] district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction"); see also Shaffer v. Board of School Directors of Albert Gallatin Area School Dist., 730 F.2d 910, 912 (3d Cir. 1984) ("pendent jurisdiction should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'"). As such, these claims (Count Five, Count Six, and Count Seven) will be DISMISSED.

### B. Parker Doctrine

Plaintiffs also argue—half heartedly—that this court should reconsider its decision to dismiss their antitrust claims as barred under the Parker doctrine. The Parker doctrine or "state-action" doctrine shields state governments from antitrust liability for anti-competitive actions taken in their capacity as sovereigns. Bedell Wholesale Co. v. Philip Morris Inc., 263 F.3d 239, 255 (3d Cir. 2001) ("[w]hen a state clearly acts in its sovereign capacity it avoids the constraints of the Sherman Act and may act anti-competitively to further policy goals."). While the Parker doctrine does not apply directly to local municipalities, courts "have recognized, however, that a municipality's restriction of competition may sometimes be an authorized implementation of state policy, and have accorded *Parker* immunity where that is the case." City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 370 (1991). An authorizing statute however, need not "explicitly permit[] the displacement of competition" by its terms. Id. at 372. Rather, a

8

local government's actions are protected under Parker where the "suppression of competition is the 'foreseeable result' of what the statute authorizes . . . ." Id. at 373.

The statute in question is New Jersey's Local Redevelopment and Housing Law N.J.S.A. 40A:12A-1, et seq. ("LRHL"). That statute delegates to municipalities and redevelopment entities broad authority to make and carry out redevelopment plans to rehabilitate blighted areas. See N.J.S.A. 40A:12A-8 (municipality may, *inter alia*, "issue bonds", "[a]cquire by condemnation, any land or building", "contract …for the planning, replanning, construction, or undertaking of any project or redevelopment work", "enter any building or property in the redevelopment area", "[m]ake…plans for the enforcement of laws, codes, and regulations relating to the use and occupancy of buildings and improvements, and to the compulsory repair, rehabilitation, demolition, or removal of buildings and improvements", and "[d]o all things necessary or convenient to carry out its powers.").

The exercise of such broad power over property development cannot help but impact competition. Indeed, the Supreme Court has observed that "[t]he very purpose of zoning regulation is to displace unfettered business freedom in a manner that regularly has the effect of preventing normal acts of competition, particularly on the part of new entrants." Omni, 499 U.S. at 373. Consequently, District Courts in this Circuit have found that the state-action doctrine exempts local governments from engaging in anti-competitive behavior in accordance with a redevelopment plan adopted under a states' redevelopment law. See, e.g., Harristown Development Corporation v. City of Harrisburg, 655 F. Supp. 430, 435 (M.D. Penn. 1987) (legislature "must have been contemplated that, in pursuing a plan, a municipality would on occasion act to prevent private development to maintain what it perceived to be the integrity of the plan."). In adopting the LRHL, the New Jersey legislature certainly contemplated that

9

municipalities would, on occasion, restrict private enterprise in order to preserve the integrity of the plan. See N.J.S.A. 40A:12A-2.

Plaintiffs argue that the Parker doctrine does not apply because they have alleged that "the purpose of [Defendants'] actions was *not* to further the Town's redevelopment plan…" (Pl. Br. 16) (emphasis in original). However Plantiffs' Complaint does not suggest an alternative motive for the Town's actions. Plaintiffs clearly disagree with the necessity of the redevelopment plan (Complaint ¶ 36), the construction by Hudson County Improvement Authority ("HCIA") of a parking garage as part of that plan (Complaint ¶ 51), and the decision by the town to restrict licensing of competing parking garages (Complaint ¶¶ 55-59). Plaintiffs even go so far as to call Defendant's efforts a "scheme" (Complaint ¶ 126). However nothing in Plaintiffs' complaint suggests that the Town's actions were not taken in connection with a valid redevelopment plan—albeit one with which Plaintiff vehemently disagrees. As such, Plaintiffs' claims, even if true, cannot form the basis for a Section 1 Sherman Act claim.

### III.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration is DENIED

The Court will enter an Order implementing this Opinion.

s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: January 21, 2011